# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RIOJAS, | CASE NO. 1:10-cv-01034-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAIL PSYCHIATRIC STAFF, et al., | |
| Defendants. | |

Plaintiff Mario Riojas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Avenal State Prison in Avenal, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at the Fresno County Detention Center. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Dr. Kuzam, Dr. Narayan, and George Laird as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief. The Court will dismiss Plaintiff's complaint, with leave to file an amended complaint within thirty (30) days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff claims that his rights under the Eighth Amendment were violated when doctors at the Fresno County Detention Center discontinued his medication. Plaintiff's allegations are unclear. Plaintiff did not provide a statement of the facts pertinent to the claims in his complaint. Instead, he attached a number of inmate grievance forms that he filed while at the Fresno County Detention Facility.

According to the grievances attached to his complaint, Plaintiff suffers from post traumatic stress disorder. Plaintiff claims he had been taking 250 mg of Zoloft since December 2008. Plaintiff alleges that his medication was discontinued after a doctor told other staff members that he was rude. Plaintiff claims that he suffers from sleep deprivation, anxiety, hostility, aggressiveness, and "much

more." It is unclear from the grievances attached to Plaintiff complaint whether he contends that he should be receiving Zoloft or if he contends that he should be receiving some other medication that is more effective than Zoloft. Plaintiff does not identify the doctor who discontinued his medications. Plaintiff does describe an exchange with an unidentified doctor who told Plaintiff that he did not have time to speak with Plaintiff. The unidentified doctor told Plaintiff that he would receive 50 mg of Zoloft and began laughing and clapping his hands together. Plaintiff cursed at the doctor because he felt that he was not treated professionally. Plaintiff later discovered that the medication was never ordered.

### III. Discussion

Plaintiff claims that his rights under the Eighth Amendment were violated when he was not provided with medication for his post traumatic stress syndrome. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

///

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's complaint fails to set forth sufficient factual allegations to support an Eighth Amendment claim. Plaintiff fails to allege facts to support the conclusion that he had a serious medical need. Plaintiff alleges that he suffered adverse symptoms such as sleep deprivation, anxiety, and hostility, but does not allege that he suffered from symptoms that could be described as "significant injury" or "the unnecessary and wanton infliction of pain." Further, it is unclear what medical treatment Plaintiff should have received because it is unclear whether he should have received Zoloft, or whether he should have received some unidentified medication more potent than Zoloft.

Plaintiff fails to allege that any of the Defendants acted with deliberate indifference. Plaintiff does not identify the doctor who discontinued his medication and does not allege facts that suggest

that any of the individuals named as defendants knew that Plaintiff would suffer further significant injury or the unnecessary and wanton infliction of pain if Plaintiff did not receive his medication. Plaintiff must allege facts that plausibly support the conclusion that each individual named as a defendant was aware of a substantial risk of serious injury to Plaintiff and deliberately ignored that risk.

Plaintiff fails to allege how any of the individuals he has named as defendants caused the deprivation of his rights. Plaintiff appears to sue "Jail Psychiatric Staff" collectively. However, defendants are sued individually and Plaintiff must allege facts that establish liability against each defendant individually. "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Id. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). In other words, Plaintiff must allege what each individual defendant did and explain how that defendant's actions caused Plaintiff's injuries.

**IV.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

///

1    If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a).
2    Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's
3    constitutional or other federal rights. "The inquiry into causation must be individualized and focus
4    on the duties and responsibilities of each individual defendant whose acts or omissions are alleged
5    to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
6    With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.
7    10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other
8    words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
9    complaint because at this stage Plaintiff's factual allegations will be accepted as true.

10   However, although Plaintiff's factual allegations will be accepted as true and "the pleading
11   standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain
12   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
13   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.
14   544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that
15   allows the court to draw the reasonable inference that the defendant is liable for the misconduct
16   alleged." Id. (citing Twombly, 550 U.S. at 556).

17   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
18   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
19   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
20   pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
21   complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
22   London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
23   1474. In other words, even the claims that were properly stated in the original complaint must be
24   completely stated again in the amended complaint.

25   Accordingly, based on the foregoing, it is HEREBY ORDERED that:
26   1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
27   2.   The Clerk's Office shall send Plaintiff a complaint form;
28   ///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **March 11, 2011**                                /s/ Sheila K. Oberto
                                                                             UNITED STATES MAGISTRATE JUDGE