# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RIOJAS, | CASE NO. 1:10-cv–01034-BAM PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAIL PSYCHIATRIC STAFF, et al., | (ECF No. 10) |
| Defendants. | THIRTY DAY DEADLINE |

## I. Screening Requirement

Plaintiff Mario Riojas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 11, 2011, Plaintiff's complaint was dismissed, with leave to amend, for failure to state a claim. (ECF No. 8.) Currently before the Court is the first amended complaint, filed May 17, 2011. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

**II.   Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. The incidents alleged in the first amended complaint occurred while Plaintiff was housed at the Fresno County Jail. Plaintiff brings this action against Defendants Dr. Narayan, Dr. Kuzam, Dr. Laird, and Jail Psychiatric Services ("JPS") for violation of the Eighth Amendment and is seeking monetary damages.

While it is unclear from Plaintiff's complaint whether he was a pretrial detainee or a prisoner at the time of the events alleged, a pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, and the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

1  Plaintiff's allegations that he told Defendant Kuzam that Zoloft was not strong enough to
2  treat his post traumatic stress disorder, fails to allege sufficient facts to show that a substantial risk
3  of serious harm existed or that Defendant Kuzam was aware of a risk of harm. Farmer, 511 U.S. at
4  837, 114 S. Ct. at 1979. Additionally Plaintiff claims that Defendant Kuzam never responded to his
5  complaints or requests and discontinued Plaintiff's medication merely states a difference of opinion
6  between a prisoner and prison medical authorities as to proper treatment that does not give rise to
7  a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d
8  873, 874 (9th Cir. 1970).

9  Government officials may not be held liable for the actions of their subordinates under a
10 theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held
11 liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the
12 official has violated the Constitution through his own individual actions. Id. at 1948. In other
13 words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with
14 some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

15 Plaintiff alleges that Defendant Narayan, Medical Director, was notified through mental
16 health request forms that Plaintiff was asking for further diagnosis and evaluation. However Plaintiff
17 fails to set forth factual allegations to show that Defendant Narayan ever received any requests from
18 Plaintiff or was involved in the review process. Additionally, Defendant Laird, the head of JPS, may
19 not be held liable because he was the "overall decision maker." Plaintiff fails to allege any facts
20 sufficient to demonstrate that Defendants Narayan or Laird were aware that Plaintiff had a serious
21 medical need and failed to respond. Simmons, 609 F.3d at 1018.

22 Finally, Plaintiff attempts to bring suit against Defendant JPS collectively and states that he
23 submitted numerous requests and asked for help from staff because he was having mental difficulties
24 that caused him to have problems with inmates and staff. A local government unit may not be held
25 responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v.
26 Department of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Plaintiff may bring
27 suit against Defendant JPS based on informing JPS staff that he wanted medical treatment. A local
28 government unit may only be held liable if it inflicts the injury complained of through a policy or

1 custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). .

2 Plaintiff has failed to state a cognizable claim against any named Defendant. Plaintiff will
3 be granted one final opportunity to file a second amended complaint to correct the deficiencies
4 described in this order.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed May 17, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 1, 2011**            /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE